JUSTICE TRIEWEILER,
dissenting:
I concur with that part of the majority’s opinion which concludes that the principle of judicial estoppel is not applicable to the defendant’s conduct.
I dissent from that portion of the majority’s opinion which concludes that the present action by the plaintiffs is barred by res judicata.
As has been correctly pointed out in the majority opinion, before res judicata bars a second action the subject matter and the issues must be found to be the same as in a prior action. However, in this case, neither the subject matter nor the issues were the same.
In the action filed by the plaintiffs in August 1988, they sought damages for interference -with their hand mining rights located in Section 23 of the Yogo Mine. The entire basis for their claim was the following allegation:
“The transfer of ownership of the mining claims to Intergem, Inc., by the defendant for the purpose of commercially mining the Yogo Sapphire-bearing dike, and the subsequent commercial mining of the Yogo Sapphire-bearing dike, totally defeated the right and privilege that Plaintiffs had to hand dig in the aforesaid mining claims, namely, the Clayberg, Gunn, Hoover, Baker, and Snowdrift, located in Section 23.”
*184 The only section for which damages were sought in the prior action was described as follows in the prayer for relief filed in that case:
“WHEREFORE, Plaintiffs request for themselves and all members of the class that the Court:
“2. Adjudicate and declare the rights of the class members to damages for loss of hand digging rights in the Yogo Sapphire ditch in Section 23, as set forth in this complaint ....”
In their original suit, plaintiffs sought no damages for loss of mining rights in any other section of the Yogo Mine.
In the complaint which commenced this action, plaintiffs sought a declaratory judgment determining their mining rights in the other sections of the Yogo Mine. Their complaint specifically alleged as follows:
“13. That this suit is brought to obtain declaratory judgment under the Uniform Declaratory Judgments Act (§§ 27-8-101, et seq., MCA) to declare and adjudge the following:
“(a) that the hand digging rights of the Plaintiffs herein are applicable under the provisions of the covenants to all six sections of the Yogo Mine. ...”
Furthermore, the prayer for relief in this action sought entirely different relief than was sought in the prior action. It sought the following relief:
‘WHEREFORE, Plaintiffs pray for the following relief:
“2. For a declaratory judgment finding and determining that Plaintiffs’ hand digging rights, subject to the terms of the covenants, are mine-wide throughout the Yogo mine, and applicable to all six sections of the Yogo mine. ...”
Since plaintiffs’ first cause of action sought damages for interference -with their mining rights in only Section 23, and since plaintiffs’ second cause of action sought a determination of their hand mining rights in all other sections of the Yogo Mine, neither the subject matter nor the issues to be resolved by the court were identical. Therefore, this was not an appropriate situation for the application of the doctrine of res judicata.
The majority opinion, while affirming the District Court on the basis of res judicata, concludes that it makes no difference that plaintiffs’ second claim claims different mining rights than those claimed in the first action. The majority concludes, as a matter of law, based on its interpretation of the covenants between the parties, that *185 plaintiffs did not have any mining rights in any section other than Section 23. However, that issue was never decided by the District Court; and, the plaintiffs have never had the opportunity to present evidence in support of their claim to rights outside Section 23 because their claim was summarily dismissed, based on the principle of res judicata.
The majority has simply made a factual finding based upon its review of the record without ever giving the plaintiffs an opportunity to supplement the record during an evidentiary hearing. That is not the function of this Court. Therefore, I dissent from the majority opinion. I would reverse the District Court’s grant of summary judgment (although it was not denominated as such), and remand this case to the trial court for further proceedings to determine the merits of plaintiffs’ claim that they have mining rights in other sections of the Yogo Mine.